# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 11, 2009

Charles R. Fulbruge III
Clerk

No. 08-50455
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

CARLOS MARIO MOLINA, also known as Carlos Manuel Molina

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:07-CR-214-1

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Carlos Mario Molina appeals his conviction for aiding and abetting the knowing and intelligent possession with intent to distribute 50 kilograms or more of a mixture containing a detectible amount of marijuana.  He asserts that there was insufficient evidence to prove that he knowingly possessed with the intent to distribute the marijuana that was found in the van he was driving. However, the jury heard testimony from the van's passenger, Molina's former fiancée, that Molina knew the marijuana was hidden in the van's gas tank and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that he was to be paid for helping to smuggle it. She also testified that he had accompanied her on previous smuggling trips, knowing there was marijuana in the van, and received payment for doing so. Although Molina challenges the witness's credibility, we must view it in the light most favorable to the guilty verdict. See United States v. Villarreal, 324 F.3d 319, 322 (5th Cir. 2003). The element of intent also is supported by the testimony of the arresting state trooper that Molina suspiciously answered the trooper's questions. Because a rational trier of fact could have found beyond a reasonable doubt that Molina aided and abetted the knowing possession of marijuana with the intent to distribute, his challenge to the sufficiency of the evidence fails. See United States v. Jaramillo, 42 F.3d 920, 922-23 (5th Cir. 1995).

Molina also asserts that he is entitled to a new trial because the district court admitted receipts showing a financial transaction between his former fiancée and an unindicted coconspirator that were more prejudicial than probative under Federal Rule of Evidence 403. Although Molina asserts that harmless error review applies, the issue was not preserved. See United States v. Jimenez Lopez, 873 F.2d 769, 773 (5th Cir. 1989). He fails to establish plain error because he does not explain how the admission of the receipts affected his substantial rights. See United States v. Olano, 507 U.S. 725, 731 (1993).

AFFIRMED.